**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

REGIONS BANK                                                                                          PLAINTIFF

v.                                              No. 4:14CV000139 JLH

FIRST ARKANSAS BANK & TRUST                                                          DEFENDANT

**OPINION AND ORDER**

Regions Bank brings this action against First Arkansas Bank & Trust in connection with a dispute regarding proceeds from First Arkansas's sale of a parcel of real property in Lonoke County, Arkansas. After Regions erroneously released two of its mortgages on the property, First Arkansas obtained a foreclosure judgment against the property based on its own mortgage, purchased the property at the foreclosure sale, and then sold it to a third person. Regions now asserts claims against First Arkansas for unjust enrichment, conversion, constructive trust, and punitive damages. First Arkansas has raised the defenses of claim and issue preclusion and filed a motion to dismiss Regions's claims, and the Court issued a sua sponte order for supplementary briefing to address whether the *Rooker-Feldman* doctrine bars Regions's claims. For reasons that will be explained, First Arkansas's motion to dismiss is granted.

In 2003, Regions Bank loaned $145,000 to Shawn and Rebecca Wilson. The loan was secured by a mortgage on their property located in Lonoke County, Arkansas. Later in 2003, Regions and the Wilsons modified the loan, making the principal balance due $162,900. Both the original mortgage and the modification were filed for record in the Lonoke County clerk's office. In 2004, Regions made a second loan to the Wilsons in the amount of $18,132. Later that year, Regions made a third loan to the Wilsons in the amount of $45,000. The second and third loans were also secured by mortgages on the Wilson's property that were filed for record in Lonoke

County. The third mortgage was filed as document number 200415208. Regions subsequently recorded a release of the third mortgage, but the release deed incorrectly referenced document number 200475208 instead of 200415208. The Wilsons' first two loans remained unsatisfied, so Regions's first two mortgages remained on the property.

In 2005, First Arkansas loaned the Wilsons $92,000, which it secured with a mortgage on the Wilsons' property. In 2006, First National Bank & Trust of Shawnee, Oklahoma, made a loan to the Wilsons, which it also secured with a mortgage on the Wilsons' property. The Wilsons subsequently defaulted on the First Arkansas loan, so in 2008 First Arkansas filed a foreclosure complaint against the Wilsons in the Circuit Court of Lonoke County. First Arkansas also named Regions and First National as defendants. The complaint alleged, in pertinent part:

> 4. Regions Bank is named a defendant herein by virtue of a mortgage filed for record in Lonoke County as Instrument no. 200415208, on the subject property. Upon information and belief, said mortgage was paid and released; however, because the Release Deed references an incorrect instrument number, Regions is named to establish clear title.

Document #1 at 13. First Arkansas's complaint did not allege that Regions had two other unsatisfied mortgages on the property.

On July 10, 2012, Regions executed a document in which it released all three of its mortgages. *Id.* at 29. Then, on July 24, 2012, Regions executed a consent order agreement with First Arkansas. The following day, the Circuit Court of Lonoke County entered the consent order and dismissed Regions as a defendant. The consent order stated that "Regions no longer claims an interest in the real property that is the subject of this suit," that "[n]o further matters remain to be adjudicated between Regions and Plaintiff [First Arkansas] or any other Defendant," and that Regions is "dismissed with prejudice." *Id.* at 31. In August 2012, the court entered a final decree

2

pursuant to an agreement among the remaining parties that resolved all remaining issues. *Id.* at 33. The court granted judgment in favor of First Arkansas against Shawn Wilson and the property in the amount of $75,500.14 plus post-judgment interest, attorneys' fees, and costs. It also granted judgment in favor of First National in the amount of $52,890.44 plus post-judgment interest, attorneys' fees, and costs. The final decree stated that "[t]he lien of First Arkansas Bank and Trust is ruled to be first superior to any other lien or claim against the property." *Id.* The decree also provided that if the judgment were not satisfied within 10 days, the property would be sold at a public auction pursuant to Arkansas Code Annotated § 16-66-221. The decree stated, "Upon such sale, all rights, titles, interests, estates, and equity or possibilities of dower, redemption, curtsey [sic], homestead or appraisement of the Defendants in the Property, or anyone claiming by, through, or under them, shall be foreclosed and forever barred." Document #1 at 34; *see also id.* at 35.

The judgment was not satisfied, and in November 2012, the property was sold at auction. First Arkansas purchased the property for $80,778.02. Regions subsequently informed First Arkansas that it had erroneously released its first two mortgages on the property. First Arkansas later sold the property for $250,000.00. Regions made a demand on First Arkansas for $169,221.98, the difference between the amount for which First Arkansas bought and sold the property. First Arkansas refused Regions's demand, and Regions brought this action, seeking to recover $194,000.00.

Although the Court *sua sponte* raised the issue of whether Regions's claims are barred by the *Rooker-Feldman* doctrine and invited briefs on the issue, after reviewing the briefs on the issue and studying the question in greater depth, the Court has decided that it would be prudent to bypass the *Rooker-Feldman* issue and decide this issue based upon *res judicata*. *See In re Athens/Alpha*

*Gas Corp.*, 715 F.3d 230, 235 (8th Cir. 2013) (holding that a federal court may bypass a "murky problem under *Rooker-Feldman*" when the rules of preclusion dispose of a case).

"A federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Id.* (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 896, 79 L. Ed. 2d 56 (1984)). The preclusive effect of the consent order and consent decree entered by the Circuit Court of Lonoke County thus depends upon Arkansas's preclusion law.

The Arkansas Supreme Court has explained:

> Under claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim. Claim preclusion (res judicata) bars not only the relitigation of claims which were actually litigated in the first suit, but also those which could have been litigated. Where a case is based on the same events as the subject matter of a previous lawsuit, claim preclusion will apply even if the subsequent lawsuit raises new legal issues and seeks additional remedies.

*Crockett v. C.A.G. Investments, Inc.*, 2011 Ark. 208 at *8-9, 381 S.W.3d 793, 799 (Ark. 2011) (citations and footnote omitted). Claim preclusion requires five elements: (1) the earlier action resulted in a final judgment on the merits; (2) the court in the earlier action had jurisdiction; (3) the earlier action was fully contested in good faith; (4) both actions involved the same claims; and (5) both actions included the same parties or persons in privity with them. *Orr v. Hudson*, 2010 Ark. 480, at *8, 374 S.W.3d 686, 691-92 (Ark. 2010).

Here, First American and Regions were parties to the foreclosure action, and the circuit court had jurisdiction. Regions was named as a party to the foreclosure action so that the court could determine whether it had an interest in the property at issue and, if so, the relative priority of its lien *vis-a-vis* the other lienholders. The circuit court issued a valid and final judgment on the merits,

deciding those issues. That judgment stated that, upon the foreclosure sale, "all rights, titles, [and] interests . . . of the Defendants in the Property . . . shall be foreclosed and forever barred." Document #1 at 34. *See Carnes v. DeWitt Bank & Trust Co.*, 201 Ark. 1037, 1041, 147 S.W.2d 1002, 1004 (Ark. 1941) ("While a junior mortgagee has no authority to foreclose a prior mortgage by the mere process of making the prior mortgagee a party defendant, the decree in the case at bar contains language directing that the rights of all parties to the suit 'be forever foreclosed' . . . . It must be presumed, on collateral attack, that the authority [of the court to make this order] did exist."). As noted, the court entered a consent order holding that Regions had no interest in the property and dismissing Regions with prejudice. "Dismissal with prejudice is as conclusive of the rights of the parties as if there were an adverse judgment as to the plaintiff after a trial." *Francis v. Francis*, 343 Ark. 104, 112, 31 S.W.3d 841, 846 (2000). Even though the parties mistakenly consented to an order dismissing Regions, the requirement that the action be fully contested in good faith was met. *Cf. Office of Child Support v. Williams*, 338 Ark. 347, 350-52, 995 S.W.2d 338, 339 (1999) (holding that a divorce decree that determined paternity barred a subsequent paternity action by the father because he had an opportunity to contest paternity in the divorce action but failed to do so); *McGee v. McGee*, 100 Ark. App. 1, 4-5, 262 S.W.3d 622, 625-26 (2007) (following *Williams* where the father agreed not to challenge paternity in return for the mother's promise not to hold him financially responsible for the children).

The circuit court's final foreclosure decree held that the only liens on the property were those of First Arkansas and First National and that First Arkansas's lien was superior to any other lien or claim against the property. Thus, whether Regions had any interest in the property was actually litigated in the foreclosure action. The consent order and the consent decree, together, held that

Regions had no interest in the property; that the only liens on the property were those by First Arkansas and First National; and that First Arkansas's lien was superior to any other lien on the property.

Regions contends that the validity of its first two mortgages was not litigated in the foreclosure action because First Arkansas's complaint only specified the third mortgage as the basis of any interest that Regions might have. Not only did Regions release the first two mortgages, however, the consent order also expressly provided that "Regions no longer claims an interest in the real property," which is a ruling that is broad enough to encompass the first two mortgages. *See also Trelfa v. Simmons First Bank of Jonesboro*, 98 Ark. App. 287, 292-93 (Ark. Ct. App. 2007) (holding that although a junior mortgagee cannot foreclose a senior mortgage merely by making the senior mortgagee a party defendant, the senior mortgagee's actions showed that it consented to the extinguishment of its lien).

Regions argues that its claims here are not the same as the claims at issue in the foreclosure action because the foreclosure action raised no issues of unjust enrichment, conversion, or related claims for a constructive trust and punitive damages. That argument fails. First, Regions's claims in this action are all based upon the two mortgages that it mistakenly released. As noted, whether those two mortgages gave Regions an interest in the property and, if so, whether the lien was prior to the lien of First Arkansas, were determined in the foreclosure action. As the court stated in *Crockett*, when a case is based upon the same events as the subject matter of a previous lawsuit, claim preclusion bars the subsequent lawsuit even if the subsequent suit raises new legal issues and seeks additional remedies. *Crockett*, 2011 Ark. at *9, 381 S.W.3d at 799. "The rule of claim preclusion . . . is that a party ordinarily may not assert a civil claim arising from a transaction with

respect to which he had already prosecuted such a claim, whether or not the two claims wholly correspond to each other." Restatement (Second) of Judgments, Ch. 1, Intro. (1982); *see also id*. § 24 and Comment a.  Although Regions's current lawsuit presents new legal issues and seeks additional remedies, its claims here presuppose that it had an interest in the property pursuant to those two mortgages until First Arkansas sold the property, and that its lien was superior in priority to First Arkansas's lien.  But those claims were determined by the circuit court in the foreclosure action.[1]  Thus, Regions's claims are barred by claim preclusion.

## CONCLUSION

For the reasons stated, the motion to dismiss filed by First Arkansas Bank & Trust is GRANTED.  Document #4.

IT IS SO ORDERED this 18th day of June, 2014.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE

---

[1] Thus, Regions argues that it would have had an unjust enrichment claim even if a stranger had purchased the property at the foreclosure sale.  Document #15 at 4-5.  That can be true only if Regions's claim of unjust enrichment is based on the continuing vitality of its first two mortgages.